Good morning, Your Honor. Good morning. I'm Carl Cohen. I represent the appellants in this case, and they were the plaintiffs in the district court case. We are here today because the district court dismissed, granted the defendant's motion to dismiss on the basis that there's no subject matter jurisdiction under 28 U.S.C. Section 1331, even though that issue had not been briefed by the parties. And I take it all parties agree that the complaint presents a federal question and thus falls within the district court subject matter jurisdiction. All parties do agree, Your Honor. In fact, when the when the defendant filed a pre answer motion dismissing a rule 12 B six, it suggested that the district court might want to look at this issue of subject matter jurisdiction, but also at the same in the same breath. In essence, said also said that it thought there was such a matter of jurisdiction. But the bottom line is that when the district court issued his decision, granting the motion to dismiss, it did so on the basis that there was no jurisdiction and caught everyone off guard and by surprise. So that's why we appealed, because obviously we believe that there is subject matters jurisdiction. I believe that this case has a theme. Pardon me? Yes, I was picking up on that. I don't know all the facts of the previous case, but it seemed to me that there seemed to be the party seemed to be taken by surprise by the district court's ruling in that case. And courts are very surprising. Pardon me? Courts are very surprising. Yes, I understand that, Your Honor. I have found that out. I get surprised about every time I sip. I understand that. I'm, you know, I'm never I'm over 30 years of practice. I have come to grasp that concept. I understand. In any event, this case basically involves, the plaintiffs are owners of multifamily housing rental projects that are assisted under Section 8 of the United States Housing Act of 1937. The contracts that are at issue in this case are authorized by that statute, Section 8. HUD administers this Section 8 program. The contracts that issued were basically drafted by HUD. They were approved by HUD. Only federal funds are involved in this case. And really at the issue of this, at the heart of this case, is the when Congress amended the Section 8 statute in 1994, which changed the rules and regulations, basically, or the process for obtaining an annual rent increase, which the HAP contracts require. And I think all the parties are in agreement that the HAP contracts do require an annual rent increase. The question is, what is the process for that? And again, what changed was in 1994, Congress amended the statute to change the process. HUD implemented, started implementing that in 1995. And at some point, my clients, the plaintiffs in this case, decided that these were a breach of their contracts. And that's why we brought the suit. On the merits, do you essentially agree with Judge Kendall's decision in Greenleaf that the way to 1437 F with notice H 95-12 is to say that the housing authority has to first produce a comparability study to the project owner? Absolutely, Your Honor. And that stems from... And only then would the property owner have the burden to produce contrary evidence? Well, actually, I don't think that, I think, first of all, that's a statute revision that comes from 42 USC 1437 FC 2C, which states that unless the HUD, or in this case, a contract administrator, a public housing agency such as Wisconsin Housing Economic Development Authority, which is the defendant in this case, provides a rent comparability study at least 60 days before the anniversary date, the owner, the rent shall be adjusted by the automatic annual adjustment factor. And so if that's the case, no, I don't think that the owner would then would supply a dueling rent comparability study if the contract administrator, be it HUD or the PHA, provides a rent comparability study, and that indicates that there should be some limitation on the annual rent increase, which an owner is entitled to, that would be it. But I don't think we should be reaching the merits here, Your Honor. I understand that both... Yeah, but you're here, why not? Because it was fully briefed, and I think it's unfair to try to, you know, to... I mean, I've gotten into it a little bit because I felt if I didn't, you know, I might lose. But, you know, I believe HUD in its brief said that this issue was fully briefed in the district court, but it was not fully briefed. Well, in your view, is the study that the Housing Authority has to produce something more than HUD's market data that's referenced in the Ken Valley case? Absolutely, Your Honor. How are the two different? Yes, it is our contention that it is the contract administrator's obligation to produce the rent comparability study. The 1994 amendments flipped the obligation to produce the rent comparability study from the contract administrator to the owner, and that's what we say constitutes a breach of the contract. There's nothing in the contract that... The contract just says the rent shall be adjusted on each anniversary day of the contract. It's unequivocal. There's no prerequisite in there to say when you produce a rent comparability study. Rent comparability studies cost money. They can cost several thousand dollars a year, so you unilaterally change the terms of the contract. But, more importantly here, the reason we can't decide this case on the merits is, on the Ken Valley case, which I believe was on the jurisdictional question. Pardon me? Except on the jurisdictional question. Yes, absolutely. And it did do a thorough analysis of the jurisdictional question, absolutely, and we pointed that out. It was really good on that, but really bad on the merits? Absolutely, exactly. The procedural aspect is great, the merits not so great. But the issue in that case was the overall limitation provision of the contract. We do not dispute that there's this overall limitation provision. The overall limitation provision says that a rent adjustment shall not result in a material difference between the contract rent of the project and the rent for a market rent unit. Do you only get to the overall limitation provision if you have a rent increase? First you calculate the rent increase, and then you have to determine whether that would result in a material difference. Even Ken Valley acknowledged that if the rent adjustment, that even Ken Valley itself acknowledged that if a rent adjustment is not greater than the fair market rent plus a 10% initial difference, then the owner's entitled to rent increase. We have nothing on the record here to indicate whether the rent adjustments that are at issue here will result in these above market rents. There's nothing in here. So even if you accept that Ken Valley is rightly decided, you don't get to the overall limitation provision clause of the HAP contracts until you determine what will the rent adjustment result in. I have a case right now in Ohio where the only issue, it's been remanded back from a court of appeals, where the only rent adjustments that are at issue are in the years where the projects rents, gross rents, which are contract rents plus utility allowance, are less than the fair market rent. We don't know whether that's the case here or not. We don't know. Okay, well then I think, thank you for pointing that out, Your Honor. That is it. I mean, we do not know what the rent adjustments will lead to and whether that will result in above market rents. And so we don't even get to the overall limitation provision until we know what those are. And there's nothing in the record to tell us whether that would be the case or not. Thank you very much. Thank you, Your Honor. Mr. Chaffee, are you next? Robert Chaffee for the Pell and Cross Appellee, Wisconsin Housing. Wisconsin Housing asks that you find there is federal ingredient jurisdiction, but affirm the judgment below by finding plaintiffs have failed to seek a claim for rent. Mr. Chaffee, I'm going to ask a really stupid question. The Housing Authority is a state agency? Housing Authority is a state entity, yes, Your Honor. Does the federal legislation then resolve any 11th Amendment issues for your client? You don't object to being in federal court? We do not object to being in federal court, Your Honor. Well, assuming that we agree with all of you that there is federal subject matter jurisdiction, why isn't the appropriate step for us to remand to the district court for an assessment of the merits? Your Honor, your cases have held that you may affirm the judgment below on any grounds that was raised below. It is clear our motion to dismiss, 12b-6 motion, clearly asks the district court to dismiss for failure to state a claim on the same issues and reasonings as in Ken Valley. Yeah, but was there anything like the sort of comparability study referenced by in this case is, as counsel just said, the burden flipped by the 94 Act and that's a breach of contract. Your Honor, I think whatever Congress and HUD did cannot be a breach of contract by Wisconsin Housing. I mean, you haven't answered my question. Yes, Your Honor. Yeah, I mean, you know, was there anything like that sort of After Wisconsin Housing determined the rents were or would be above the HUD fair market values, plaintiffs had an opportunity under Notice 95-12 to present a rent comparability study. They didn't do that. I don't believe there's an issue here that the rents, as calculated in the years, they did not get increases. In some years they were above, in some years they were below. We're not above. The issue that plaintiffs have argued is we may not use the Notice 95-12 procedures to apply the 1.9d overall limitation cap. You see, what I find problematic about your argument is that, as a matter of principle, it seems to me that a district court should address and resolve merits of the claims in the first instance because that gives us something to review and the merits possibly are sufficiently open, you know, to reasonable dispute so that full development of the competing arguments might make for a better resolution of the issue. If you did remand it. Plus it gives us the chance to reverse the district judge not once but twice. Yeah, I will not necessarily consider that a merit, but it's what we do. We do, you do. Your Honor, why you ought to... No, I would never do that. Your Honor, it's clearly you would have Judge Stadmuller's opinion and you could review his reasoning on this issue, but when it gets back here... He didn't get into the details. No, no, but you would if you remanded. I'm sorry, I thought that was your question. Why should you not remand? He's a very experienced judge and he is very thoughtful. Right. But you would wind up back here with these parties and this issue on a de novo review that has been raised below, briefed here. You would have the benefit of reviewing his opinion, but you would have to make the same exact judgment, de novo, that you would make here on our 12-6 notice. No, but he would flesh out your arguments and we, you know, we're a reviewing court. Yes, Your Honor, you are a reviewing court and this court and courts of appeals in general have said they may affirm on any basis and they do it and they seem to do it without much more discussion. They go on. Sometimes when a case goes back, somehow reason sets in among all the parties and they figure out the answers themselves. Settlement can occur at any time. I think it's unlikely in this case, Your Honor, given the number of contracts the Housing Agency has. We think you should reach it as you do in cases. I think it's especially compelling in this case for two reasons. That the issue we're asking a review would be reviewed de novo and that there is a recent case on point by another circuit that clearly addresses the same issue, which gives you the sort of reasoning and guidance that you might get from a district court opinion. We think the issue stated by Ken Valley resolves this case that whether it was appropriate for the Housing Agency to use the 95-12 notice procedure. This might be a better question for HUD, but one thing that I've been wondering about how is that how do we reconcile Ken Valley with the express language of 1437 FC2C, which places the burden on the housing authority to produce a comparability study to the property owner. If you take a look at footnote 10, that seems to suggest that the overall limitations clause in the contract can overrule a statutory requirement and I don't see how that's possible. I don't think that's what the First Circuit was saying, Your Honor. I believe the 98 Act that's codified where you said says that you must apply the automatic adjustment factor if the Housing Agency doesn't produce such a study and five years later Congress passed another law, the 94 Act, which HUD implemented in the 95 notice, which says you may not grant the rent increase if you're above fair market rents unless the owner did. One of these address, I think this is the point that the Supreme Court addressed in Alpine Ridge, one of these address the 1.9B provision of the HAP contract for adjusting the rents, the other one addresses the 1.9D for the limitation. The Supreme Court says no matter what that formula is in 1.9B, it never overcomes the clear statutory and contractual direction. The lodestar of these contracts is the landlord never collects an above-market rent. The First Circuit looked at this issue and said there was some tension between the 98 Act and the 94 Act, which HUD resolved in the 95-12 notice and after HUD adopted the 95-12 notice, Congress in 97 or 98 reenacted the 94 Act with that interpretation attached to it. I don't think they're inconsistent. I think we need, we as the Housing Agency, need to apply what HUD implemented in the 95 notice to implement the 94 Act and not grant this rent increase and that is the reason they are alleging a breach because, just as counsel said, the Congress flipped the burden, not because of anything we did under the contract. If, Your Honor, if I could take what I believe is a very little time left and state that if the main claim is reinstated in any way, we ask that you reinstate the third party claim on the cross-appeal. You should not address that on the merits. Nothing that the government has raised would lead to If you address the issue on the merits on our main claim and follow Ken Valley, it would dismiss not only the entire plaintiff's claim, the entire case. That would not happen in what the government is asking you to do on the third party claim. Is there no other questions? No. Thank you, Your Honors. Thanks so much, Mr. Jaffe. Ms. Marcus, good morning. Good morning. So, except for his last point on the third party claim, is Mr. Jaffe right? Well, one thing I think that everyone agrees on, that all the, also in addition to the point that we all think the district court erred on the jurisdictional issue, is that if this court does affirm either on jurisdiction against all of our views or on an alternative grounds and just affirms the dismissal, then the third party complaint should also be dismissed. I'd like to ask a foolish question. Why didn't you all go back, tiptoe back into court and say, Judge, we all think you might have been wrong? Well, Your Honor, I think I'm not sure, you know, why that that wasn't done, except that the, that in the motion to dismiss, Wisconsin Housing did bring up this jurisdictional issue and made the point and cited one in Ken Valley. So, the court did already have that information before it and knew that no one, and HUD filed pleadings in district court, no party raised a jurisdictional question. Right. I mean, I was a district court judge and I know we all were district court judges. Indeed. And that would, I mean, I know that that's a very hard thing, you know, to do, but when a phalanx of you comes in, maybe it's a little lesson for all of us. But, you know, Judge Kendall thought in Greenleaf that you reconcile 1437 blah blah with the 1994 amendments and notice H9512 by placing onus first on the Housing Authority to produce that comparability study and then on the property owners to rebut that study. So, why isn't that a correct reconciliation of the various statutory and regulatory provisions? Well, Your Honor, we do agree with Wisconsin Housing and that answer that in the 94 Act, Congress added the provision that put the burden on the property owners and expressed terms of 1437 FC2A state that the secretary shall adjust the rent only to the extent the owner demonstrates that the adjusted rent would not exceed the rent for a comparable unassisted unit. And the, as Wisconsin Housing argued, that the fact that HUD implemented this 1994 Act with the notice that plaintiff is complaining about here, that the notice is prominently featured in the complaint by plaintiff, yet another factor that shows that there is federal jurisdiction. There's very, if you look at the complaint and the contracts themselves, there are numerous references to federal law and, but the 94, the amendments were initially going to last only one year and if you look at the statute itself, it was extended and that's even after HUD promulgated this notice. So we do, we think the First Circuit was right and we do ultimately think on the merits that the complaint should be dismissed, though it's up to this court whether, you know, it may, it has the authority to do so on alternative grounds or it could remand to the Wisconsin Housing on the merits. Thank you. Thank you very much. You were done, weren't you? I don't want to rush you in any way. Thanks very much. Mr. Cohen. Yes, a couple things really quickly, Your Honor. I do want to, I think I want to correct something. I agree with Judge Kendall and Greenleaf that the way to reconcile the two provisions is to, the first, the contract administrator HUD or the PHA should submit the rent comparability study and then if that shows that there's an issue about the level of the rents, then the owner could come forward in, consistent with the 94 Act and HUD notice 9512 to provide a rent comparability study, which would hopefully then indicate that they had a right to a rent increase. I just want to reiterate that, you know, the Supreme Court in Singleton v. Wolfe reversed the circuit on an issue of standing, decided that the statute issue was obviously unconstitutional and therefore reached the merits. The Supreme Court said, no, you shouldn't do that. You know, the party is entitled to present all the defenses. We did not present all our defenses. This issue was not fully briefed. Could you have? If you look at our opposition. Could you have? We could have, yes, we could have, but in our opposition to the motion, in opposition to the motion dismissed, we certainly focused on the plausible-on-its-face standard under a motion to dismiss and we certainly, and we also said in that opposition that we thought we weren't going to, even though that the defendant had raised subject merits issues, we asked the district court to disregard them because it was not appropriate, you know, in connection with the 12b6 motion. So therefore, we did not brief it fully. I just finished briefing a case in New York where we had like a 30 page brief on this. God, you travel a lot. So in any event, so that's, I just want to say that and if you have any further questions, if not, I thank you for your time. Thank you. Thanks to all parties. Thank you so much.